IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Donte Henderson (2024-714080), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25 C 15191 |
| v. ) | |
| ) | Judge John J. Tharp, Jr. |
| Officer Leonardo, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court waives the initial partial filing fee and orders the trust fund officer at Plaintiff's place of incarceration to make monthly deductions in accordance with this order. The Court directs the Clerk of Court to (1) send (electronically if possible) a copy of this order to the trust fund officer at Plaintiff's current place of incarceration and to the Court's Fiscal Department; (2) file Plaintiff's complaint [1]; and (3) send Plaintiff filing instructions and a copy of this order. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal without further warning. A separate order will be issued to initiate service of process on Defendants.

## STATEMENT

Plaintiff Donte Henderson, a detainee at the Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning a July 16, 2024, incident in which he alleges he was attacked by an officer at the Cook County Jail. Before the Court are Plaintiff's application for leave to proceed *in forma pauperis* and complaint for initial review.

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. The Court waives the initial partial filing fee and orders Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. 28 U.S.C. §§ 1915(b)(1)-(2), (4). The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

The Court next considers Plaintiff's complaint. Because Plaintiff is seeking redress from employees or officials of a governmental entity, the Court must screen his complaint and dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim

on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; *Jones v. Bock,* 549 U.S. 199, 213–14 (2007); *Shaw v. Kemper*, 52 F.4th 331, 333 (7th Cir. 2022). At screening, the Court uses the standard applied to motions to dismiss and will allow a claim to proceed "only to the extent that the prisoner has pleaded facts to demonstrate that he has a plausible claim for relief." *Schillinger v. Kiley*, 954 F.3d 990, 993–94 (7th Cir. 2020). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that on July 16, 2024, at around 11 p.m.[1], he was attacked in a bullpen behind the recreation room in the Division 8 Residential Treatment Unit. (*See* Pl.'s Compl., Dkt. No. 1, at pg. 2.) Plaintiff was in a wheelchair and was handcuffed to a hook in the bench in such a manner that his right hand and arm stayed outstretched for hours. (*Id.*)

Plaintiff thought he had been "abandoned" and called for help. (*Id.*) He alleges that Officer Leonardo came into the bullpen without saying anything and started attacking him. (*Id.*) Plaintiff states that he was in a wheelchair and handcuffed to the bench, and "could not resist or fight back." (*Id.* at pg. 3.)

Plaintiff alleges that Officer Leonardo used "bone breaking expert martial arts submission moves" on his left hand and arm for no reason, and did not stop until a sergeant came to the bullpen and pulled Officer Leonardo away from him. (*Id.*) The unidentified sergeant removed Plaintiff's handcuffs and took him into the recreation room, where he stayed until shift change. (*Id.*) The sergeant did not fill out a report about the incident or get Plaintiff medical treatment for his injuries. (*Id.*) Plaintiff alleges that the unidentified sergeant "deprived me of my due process right to adequately report an assault and receive medical [attention]." (*Id.* at pg. 4.) Plaintiff describes suffering injuries to his wrist, shoulder, and elbow. (*Id.* at pg. 5.)

Plaintiff next alleges that Cook County Sheriff Tom Dart has a "policy and practice" of handcuffing individuals in custody to a bench and leaving them unsupervised for hours. (*Id.* at pg. 4.) Sheriff Dart, he alleges, also decided to use handcuffs that "cut into your skin and cause loss of feeling[]" instead of insulated handcuffs. (*Id.*) He also alleges that Cook County has a "practice and custom" of not providing inmates with the names of officers who supervise them, which he contends creates an unsafe environment and allows officers to evade responsibility for misconduct. (*Id.*) Plaintiff alleges that Sheriff Dart "has no available calendar or clock and never access[es] the camera to prove or dispute an allegation of being attacked by sworn staff." (*Id.*)

Because Plaintiff apparently was a pretrial detainee at the relevant time, his constitutional claims arise under the Due Process Clause of the Fourteenth Amendment and are governed by an objective reasonableness standard. *See Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). Under the Fourteenth Amendment, an

---

[1] In another part of the complaint, Plaintiff states that the incident may have occurred on July 15, July 16, or July 17, 2024. (*See* Pl.'s Compl., Dkt. No. 1, at pg. 6.)

officer's use of force is excessive when it amounts to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). This can occur when force is used with "'an expressed intent to punish,'" is "not 'rationally related to a legitimate governmental purpose,'" or "'appear[s] excessive in relation to that purpose'" when viewed objectively. *Id*. at 398 (quoting *Bell v. Wolfish,* 441 U.S. 520, 538, 561 (1979)).

At this early stage of the case, Plaintiff has adequately alleged an excessive use of force by Officer Leonardo, and has adequately alleged that the unidentified sergeant failed to get him medical treatment for his resulting injuries. *See Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 827–28 (7th Cir. 2022) (purposeful failure to address inmate's objectively serious medical need violates the Constitution).

To proceed against the unidentified sergeant, however, Plaintiff must identify him and serve him in accordance with Federal Rule of Civil Procedure 4. Although Plaintiff has not stated a claim against Sheriff Dart for the reasons set forth below, he may proceed against Sheriff Dart as a nominal Defendant for the purposes of identifying this officer. After Dart has been served and an attorney has entered an appearance on his behalf, Plaintiff may send interrogatories (written questions) to defense counsel to obtain information about the identity of the sergeant who allegedly violated his rights. When that process is complete, Plaintiff must submit an amended complaint that stands complete on its own, names this sergeant, and explains how he violated Plaintiff's rights so that he may be served. Plaintiff should do this as soon as possible in light of the two-year statute of limitations and applicable tolling rules. *See Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021); *Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014).

Any other claims and Defendants are dismissed.

Plaintiff's allegations do not support a due process claim against the unidentified sergeant for failing to report the alleged use of excessive force by Officer Leonardo. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (no constitutional right to police investigation).

Plaintiff also has not alleged an official capacity claim against Sheriff Dart, Cook County, or any other Defendant. Conclusory allegations that Dart had a policy or practice of leaving inmates handcuffed for hours, with no supporting facts outside of his own experiences, do not state a claim. *See*, *e.g.*, *Austin v. Cook Cnty., Illinois*, No. 22-2856, 2024 WL 3649022, at *2 (7th Cir. Aug. 5, 2024) (unreported) ("A naked allegation that a municipality has a practice of committing constitutional violations is a legal conclusion of *Monell* liability couched as a factual allegation and thus does not, on its own, state a *Monell* claim."); *Arquero v. Dart*, 587 F. Supp. 3d 721, 730 (N.D. Ill. 2022) (collecting cases and observing that plaintiff must allege facts indicating "there is a true municipal policy at work, not a random event," which typically requires allegations of more than plaintiff's own experiences).

Additionally, the Court observes that it is not aware of any case law giving Plaintiff a right to insulated handcuffs or requiring jail officials to provide him with their names, a calendar, or a clock.

For these reasons, the case will proceed only against Correctional Officer Leonardo on a claim of excessive force in his individual capacity and against Sheriff Tom Dart as a nominal Defendant for the purpose of identifying the sergeant who allegedly denied Plaintiff medical attention.

Plaintiff is advised that while his claims are sufficient to survive screening, he ultimately will need to participate in the discovery process and prove his claims. Federal Rule of Civil Procedure 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). If the evidence suggests that Plaintiff's claims are baseless, or if he refuses to meet his basic obligations as a litigant, as he did in *Henderson v. Cook County*, No. 24 C 7526, Plaintiff may be subject to sanctions including dismissal of this suit.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to correctional authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action without further warning.

Date: 1/16/2026                     /s/ John J. Tharp, Jr.
                                    John J. Tharp, Jr.
                                    United States District Judge